UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>Plaintiff,<br><br>v.<br><br>AVENUE5 RESIDENTIAL, SEATTLE POLICE DEPARTMENT, WASHINGTON STATE HUMAN RIGHTS COMMISSION, CITY ATTORNEY'S OFFICE FOR SEATTLE, ANN DAVISON,<br><br>Defendants. | CASE NO. 2:24-cv-01862-JHC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel. Dkt. # 7. Because Plaintiff has not shown that exceptional circumstances warrant appointment of counsel in this civil case, the Court DENIES the motion.

There is no right to counsel in civil actions. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). A court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only if there are "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff]

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL - 1

to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Plaintiff has not shown that extraordinary circumstances warrant appointment of counsel. Plaintiff previously filed three separate lawsuits against Avenue5, the company that manages the building in which he currently resides, alleging claims based on his living conditions. Dkt. # 4-2 at 1–2. In the first two suits, Plaintiff voluntarily dismissed his claims. *See Baker v. Avenue5 Residential*, 2:23-cv-01207-RSL, at Dkt. # 26; *Baker v. Avenue5 Residential*, 2:24-cv-00165-RAJ, at Dkt. # 12. In the third suit, the court dismissed the case because Plaintiff failed to effectuate service. *See Baker v. Avenue5 Residential*, 2:24-cv-00300-JCC, at Dkt. # 26. Plaintiff now sues Avenue5 again based on similar claims. Dkt. # 4. Plaintiff also sues the Seattle Police Department, the Washington State Human Rights Commission, the City Attorney's Office for Seattle, and Ann Davison for inadequately investigating his claims and for failing to protect him. *See* Dkt. # 4-2 at 11–14. Plaintiff's past cases and the present case demonstrate that he can sufficiently articulate his claims. And Plaintiff does not show that his claims have a strong likelihood of success.

Thus, the Court DENIES Plaintiff's Motion for Appointment of Counsel, Dkt. # 7.

Dated this 21st day of January, 2025.

*[signature: John H. Chun]*

John H. Chun
United States District Judge

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL - 2