1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER, | CASE NO. 2:24-cv-01862-JHC |
| Plaintiff, | ORDER |
| v. | |
| AVENUE5 RESIDENTIAL, SEATTLE POLICE DEPARTMENT, WASHINGTON STATE HUMAN RIGHTS COMMISSION, CITY ATTORNEY'S OFFICE FOR SEATTLE, ANN DAVISON, | |
| Defendants. | |

8

9

10

11

12

13

14

15

16

17

18

This matter comes before the Court on pro se Plaintiff Justin Baker's motions for

injunctive relief, Dkt. ## 16; 18, 21, for reconsideration of this Court's order denying

appointment of counsel (Dkt. # 9), Dkt. ## 18; 21, 22, and for removal of a state court case to

this Court, Dkt. # 20.  The Court has considered the motions, the rest of the file, and the

governing law.  For the reasons below, the Court DENIES these motions.

19

20

21

22

23

24

ORDER - 1

A.    Motions for Injunctive Relief

Baker's motions for injunctive relief,[1] like his prior motion, Dkt. # 10, do not comply with Local Civil Rule 65(b)(1) and Federal Rule of Civil Procedure 65(a).  Baker asks the Court for protection against three employees of Defendant Avenue5 Residential who are "trying to criminalize" him.  Dkt. # 16 at 2–3.  In a separate motion, Baker renews this request for injunctive relief and asks the Court to enjoin Adult Protective Services from disclosing information in violation of the Health Insurance Portability and Accountability Act.  Dkt. # 18. Baker also filed an emergency motion that appears to ask the Court to prevent Avenue5 employees from removing him from his rental unit.  Dkt. # 21.

A party moving for injunctive relief must "serve all motion papers on the opposing party," file a certificate of service, and include in the motion "contact information for the opposing party's counsel."  LCR 65(b)(1); *see also* Fed. R. Civ. P. 65(a).  A court can issue injunctive relief without notice to the opposing party if the moving party meets the requirements of Fed. R. Civ. P. 65(b).  LCR 65(b)(1).

Baker says that he has "notified the three main individuals that need the protective orders at Avenue 5."  Dkt. # 16 at 2.  But Baker has not filed a certificate of service or included contact information for the opposing party's counsel in his motions for injunctive relief.  Nor does Baker show that he meets the requirements of Fed. R. Civ. P. 65(b).

Thus, the Court denies Baker's motions for injunctive relief.

---

[1] Baker asks for a "protective order," which the Court construes as a request for injunctive relief. *See e.g.*, Dkt. # 16 at 2 (referring to the Court's denial of a preliminary injunction, Dkt. # 10, as a denial of a "protective order"); *see also* Local Civil Rule 26(c)(2) (protective orders protect private information).

ORDER - 2

B.      Motions for Reconsideration of Order Denying Appointment of Counsel

Baker's first motion for reconsideration of the Court's denial of appointment of counsel, Dkt. # 18, lacks merit.  "Motions for reconsideration are disfavored and will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence." *Cunningham v. Fortney*, 2024 WL 1931695, at *1 (W.D. Wash. May 2, 2024) (citing LCR 7(h)(1)).  Baker's first motion only makes a conclusory statement that his motion for appointment of counsel "was denied unlawfully."  Dkt. # 18 at 1.  Because Baker does not show manifest error or information that could have previously been brought to the Court's attention with reasonable diligence, the Court denies his first motion for reconsideration.

Baker's second and third motions for reconsideration, Dkt. ## 21; 22, are untimely. Motions for reconsideration must be filed within 14 days of the order to which it relates.  LCR 7(h)(2).  The Court denied Baker's motion for appointment of counsel on January 21, 2025.  Dkt. # 9.  Because Baker's second and third motions for reconsideration were filed after February 4, 2025, the Court denies these motions as untimely.

C.      Motion for Removal of State Court Case

To the extent that Baker moves to remove a state court case to federal court, Dkt. # 20, the Court denies the motion for failure to comply with LCR 101(b)–(c) and 28 U.S.C. § 1446.  If Baker wishes to remove a state court case to federal court, he must do so in a separate proceeding.  *See e.g.*, *Thomas v. Fred Meyer Stores Inc.*, No. 2:24-cv-01383-JHC, Dkt. # 1 (W.D. Wash. Aug. 30, 2024).

/

/

/

ORDER - 3

1    Dated this 20th day of February, 2025.

2

3

_____

4    John H. Chun
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 4