UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>AVENUE5 RESIDENTIAL et al.,<br><br>    Defendants. | CASE NO. 2:24-cv-01862-JHC<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 31) |

This matter comes before the Court on Judge John Chun's denial (Dkt. No. 34) of Plaintiff's motion for his recusal. (Dkt. No. 31.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Chun's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 31) - 1

1  bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive

2  from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL

3  501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.

4  1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is

5  appropriate if "a reasonable person with knowledge of all the facts would conclude that the

6  judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622,

7  626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance

8  of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.

9  1992).

10  Plaintiff seeks Judge Chun's recusal because Judge Chun denied "each and every one of

11  [his] motions", discriminated against him based on his disabilities, and demonstrated "personal

12  bias and prejudice" against Plaintiff.  (Dkt. No. 31.)  Plaintiff further alleges Judge Chun is

13  biased in favor of one of the defendants, a property management company, because Judge Chun

14  has "a litigation background from New York in real estate."  (*Id.*)  With respect to Judge Chun's

15  orders denying Plaintiff's motions, adverse rulings cannot serve as the basis for a recusal motion.

16  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("alleged prejudice must result from

17  an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal"); *United

18  States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the

19  requisite bias.").  Plaintiff does not cite, and the Court does not find, any evidence that Judge

20  Chun has any personal animus towards Plaintiff or that he discriminated against him based on his

21  disabilities.  As for any bias stemming from Judge Chun's prior employment, in his order

22  declining to recuse, Judge Chun noted that Plaintiff's assertions about his background are not

23

24

1  correct, and even if they were, having a litigation background in real estate alone is insufficient
2  to establish bias. (Dkt. No. 34.)
3      Plaintiff has presented no arguments or evidence that could reasonably call Judge
4  Chun's impartiality into question. Accordingly, the Court AFFIRMS Judge Chun's denial (Dkt.
5  No. 34) of Plaintiff's motion for recusal (Dkt. No. 31).
6      Dated this 25th day of March, 2025.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 31) - 3