UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER, | CASE NO. 2:24-cv-01862-JHC |
| Plaintiff, | ORDER |
| v. | |
| AVENUE5 RESIDENTIAL ET AL., | |
| Defendants. | |

This matter comes before the Court sua sponte and on numerous pending motions filed by Plaintiff Justin Baker.

On November 4, 2024, Baker moved for leave to proceed in forma pauperis (IFP) and filed a complaint against Defendants Avenue5 Residential, Seattle Police Department (SPD), Washington State Human Rights Commission (WSHRC), and the City Attorney's Office for Seattle. Dkt. # 1. Magistrate Judge Michelle L. Peterson granted Baker IFP status. Dkt. # 2. Baker then filed an amended complaint, adding Defendants Clarion Partners, LLC, Thrive Communities, Seattle Housing Authority, Seattle Department of Construction and Inspection, Federal Bureau of Investigation (FBI), Food and Drug Administration, Ryan Weathersone,

ORDER - 1

Randy Redford, Christopher Reed, Karl R. Klepp, Andrew Stokes, Amy Simpson, and John Jones.  Dkt. ## 15 (granting leave to amend); 25.

A complaint filed by a plaintiff proceeding IFP is subject to a mandatory sua sponte review and the court "shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").  Although the Court extended the deadline of service until May 30, 2025, Dkt. # 15, Section 1915(e)(2)(B)(ii) "authorizes a court to dismiss a complaint that fails to state a claim sua sponte before defendants are served."  *Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)).

The Court has examined Baker's amended complaint, Dkt. # 25, and for the reasons discussed below DISMISSES it in part.  *See Hudson v. Scharf*, 2022 WL 226077 (W.D. Wash. Jan. 26, 2022) (partial dismissal of a complaint under 28 U.S.C. § 1915(e)).

## II
### BACKGROUND

The Court takes as true the facts alleged in the amended complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Baker brings claims arising out of living conditions in his Seattle apartment complex, Walton Lofts, which Avenue5 manages.  This is Baker's fourth federal lawsuit against Avenue5, all of which involve similar claims.[1]

---

[1] In the first two suits, Baker voluntarily dismissed his claims.  *See Baker v. Avenue5 Residential*, 2:23-cv-01207-RSL, at Dkt. # 26; *Baker v. Avenue5 Residential*, 2:24-cv-00165-RAJ, at Dkt. # 12.  In the third suit, the court dismissed the case because Baker failed to effectuate service.  *See Baker v. Avenue5 Residential*, 2:24-cv-00300-JCC, at Dkt. # 26.  Baker has also previously sued Avenue5's predecessor, Thrive Communities, which he also voluntarily dismissed.  *See Baker v. Thrive Communities*, 2:22-cv-00872-LK, at Dkt. # 41.

ORDER - 2

Baker is on Social Security disability benefits "for severe depression and hereditary neurological disorders such as autism spectrum disorder, bipolar 1 disorder, post-traumatic stress disorder, agoraphobia, neuropathy, fibromyalgia, and other muscular, physical, and neurological related conditions." Dkt. # 25, ¶ 5. Prior to moving to Seattle in 2022, Baker has had a suicide attempt and has since continued to have suicidal tendencies. *Id.* ¶¶ 1, 6, 18, 45, 67–68. Baker lives in Walton Lofts with the assistance of rental vouchers in lieu of inpatient hospital stays through a policy that "prevent[s] those such as himself with disabilities from having to reside in an inpatient setting." *Id.* ¶¶ 7–9. Because Baker has lived in Walton Lofts alone without direct assistance from others "aside from his medical professionals at University of Washington," he has had trouble communicating with management about maintenance and rental payments. *Id.* ¶¶ 6, 8.

Baker's "disabilities were exacerbated from 2022 to 2025 due to management companies and building owner decisions" to deny his requests for, among other things, "adjustment of toilet seats," "noise enforcement of barking dogs and screaming babies and yelling neighbors," "fixing his heater and HVAC unit," and placing a grill on the exterior of his apartment to prevent birds from waking him up. *Id.* ¶¶ 12–13, 16. And after management failed to address Baker's request that his water pump would fail, the water pump eventually caused water to flood his apartment. *Id.* ¶ 25. Management transferred Baker to another unit in Walton Lofts. *Id.*

In response to management's "30-day notices and frivolous notes on his door accusing [Baker] of things he had not done, and banging on his door repetitively," Baker took out temporary protective orders against three management members through state court, which were later dismissed. *Id.* ¶¶ 29, 32. "[M]anagement members made frivolous stories to the police department, and attempted to have [Baker] arrested for felony criminal violations," such as for stalking. *Id.* ¶¶ 30, 33. In 2025, Management has sought to evict Baker and took out protective

ORDER - 3

orders against him claiming that Baker "threatened them and harassed them." *Id.* ¶¶ 35–36. Baker has filed reports with the WSHRC, SPD, and FBI, all of which have sided with Avenue5 or refused to investigate his claims. *See e.g., id.* ¶¶ 84; 89; 96.

# III
## DISCUSSION

A.     Amended Complaint

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not demand detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). Simply stating the elements of a cause of action and then supporting it by mere conclusory statements does not suffice. *See id*. The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court addresses each of Baker's claims under headings as set forth in his amended complaint. Dkt. # 25 at 22–27.

    1.     Defamation

To the extent that Baker alleges a federal defamation claim, he relies on inapplicable authority. He cites 28 U.S.C. § 4101, which defines "defamation" in the context of recognizing foreign defamation judgments. Baker does not ask the Court to recognize a foreign judgment. If he means to allege a state law defamation claim, it is, for reasons similar to those discussed below in Section III.A.4, unclear what the basis for this claim is. Thus, the Court dismisses this claim without prejudice.

2. Retaliation

Baker claims retaliation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12203(a). To maintain an ADA retaliation claim, a plaintiff must show that the defendant owns, leases, or operates a place of public accommodation under the ADA. *See Iceberg v. Brookstone Landscape & Design LLC*, 2024 WL 1012895, at *2 (W.D. Wash. Mar. 8, 2024). Because "private residences are not subject to Title III of the ADA," Baker does not state an ADA retaliation claim. *Id.* Because Baker might be able to allege that his residence is a place of public accommodation, the Court dismisses this claim without prejudice.

3. Color of Law Violations

Baker cannot bring a claim under 18 U.S.C. § 242, because it is a criminal statute. *Granger v. Fed. Bureau of Investigation*, 2025 WL 254820, at *2 (W.D. Wash. Jan. 21, 2025). Thus, the Court dismisses his claim under this law with prejudice.

4. Coercion, Intimidation, Threats, Interference: Based on Protected Activity

To establish retaliation under the Fair Housing Act (FHA), 42 U.S.C. § 3617, a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and adverse action. *Slaughter v. Valley View I LLP*, 2023 WL 6461058, at *2 (W.D. Wash. Oct. 4, 2023). Baker alleges that he reported Avenue5 to SPD, the FBI, and the WSHRC, Dkt. # 25, ¶¶ 82, 88, 96, and that Avenue5 initiated eviction proceedings. Even if these allegations are enough as to the first two requirements, he does not provide enough detail about the third. He does not provide the specific dates or subject matter of his reports or eviction proceedings against him (or otherwise specify adverse actions). Although a self-represented plaintiff like Baker "is entitled to leeway when the court construes [his] pleadings, it is not the court's duty to sort through [his] complaint and documents in order to piece together the basis of [his] claim." *Slaughter*, 2023 WL

ORDER - 5

6461058, at *2 (citations omitted).  Baker's amended complaint is lengthy, spanning 19 single-spaced pages.  Dkt. # 25.  And in the section of his complaint about his retaliation claim, he merely recites the legal elements.  *Id.* at 23.  Without specificity, the Court cannot conclude that Baker has stated a retaliation claim.  Thus, the Court dismisses this claim without prejudice.

        5.        Reasonable Modification

A plaintiff can establish discrimination under the FHA by showing that a defendant "refus[ed] to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises." 42 U.S.C. § 3604(f)(3)(A).  Although Baker alleges that Avenue5 did not respond to his maintenance requests, he does not allege that it refused to allow him to modify his unit.  In fact, Baker alleges that Avenue5 allowed him to pursue a reasonable modification.  Dkt. # 25 at ¶ 41.  Thus, the Court dismisses this claim without prejudice.

        6.        Fraud

Baker does not have a cause of action under 40 U.S.C. § 123.  *Sam v. BancFirst*, 2023 WL 4921525, at *1 (W.D. Okla. Aug. 1, 2023).  If he means to allege a state law fraud claim, it is, for reasons like those discussed above in Section III.A.4, unclear what the basis for this claim is.  Thus, the Court dismisses this claim without prejudice.

        7.        Extortion and Blackmail

Baker cannot bring a claim under 18 U.S.C. § 873 because it is a criminal statute.  *Da Silva Jackson v. Nelson*, 2022 WL 2703931, at *3 (W.D. Wash. July 12, 2022).  Thus, the Court dismisses his claim under this law with prejudice.

        8.       Making Housing Unavailable

Baker cites 42 U.S.C. § 3604 without a subsection to allege three different claims. According to the amended complaint, the first two require Baker to establish that Avenue5 refused to rent him his unit or negotiate with him about the rental of his unit. Dkt. # 25 at 24. The third claim requires Baker to establish that Avenue5 initiated an eviction and "did not take similar action against a tenant of a different protected class" or "the dwelling remained available thereafter." *Id.* at 25. Baker does not allege facts required to state these claims. To the extent that Baker's lengthy amended complaint contains facts that could allow the Court to draw inferences suggesting the existence of the required facts, the Court declines to "piece together the basis of [his] claim." *Slaughter*, 2023 WL 6461058, at *2. Thus, the Court dismisses these claims without prejudice.

        9.       Negligence

Baker improperly cites 42 U.S.C. § 3604, the FHA, for his negligence claim. If he means to allege a state law negligence claim, it is, for reasons similar to those discussed above in Section III.A.4, unclear what the basis for this claim is. Thus, the Court dismisses this claim without prejudice.

        10.      Personal Injury

Baker brings a claim under 18 U.S.C. § 2255, which "provides a civil remedy for personal injuries caused by sexual exploitation of children." *Aurora v. Sheely*, 2017 WL 615383, at *2 (W.D. Wash. Feb. 15, 2017). Baker does not allege that, as a minor, he was a victim of a violation of any of the statutes listed in 18 U.S.C. § 2255. Thus, the Court dismisses this claim with prejudice.

ORDER - 7

11.     Intentional Infliction of Emotional Distress

Baker cannot bring a claim under 18 U.S.C. § 2340 because it is a criminal statute. *Taylor v. King Cnty.*, 2019 WL 630414, at *1 (W.D. Wash. Feb. 14, 2019).  If he means to allege a state law intentional infliction of emotional distress claim, it is, for reasons similar to those discussed above in Section III.A.4, unclear what the basis for this claim is.  Thus, the Court dismisses this claim without prejudice.

12.     Loss of Enjoyment of Life

Baker relies on 20 U.S.C. § 7943 to bring a "loss of enjoyment of life" claim.  This provision is inapplicable.  *Peart v. Fla.*, 2023 WL 11841233, at *1 & n.3 (M.D. Fla. July 13, 2023).  Thus, the Court dismisses this claim with prejudice.

13.     Discrimination (Disability)

To establish a claim under 42 U.S.C. § 3604(c), a plaintiff must "show that the defendant made, printed, or published a discriminatory notice, statement or advertisement."  *Green v. California Ct. Apartments, LLC*, 2008 WL 681835, at *4 (W.D. Wash. Mar. 10, 2008).  Baker does not specifically allege that Avenue5 made such a "notice, statement or advertisement."  To the extent that Baker's lengthy amended complaint contains facts that could allow the Court to draw inferences suggesting the existence of such a "notice, statement or advertisement," the Court declines to "piece together the basis of [his] claim."  *Slaughter*, 2023 WL 6461058, at *2.  Thus, the Court dismisses this claim without prejudice.

14.     Discrimination (Reasonable Accommodation)

The FHA prohibits "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B).  "To make out a claim of discrimination based on failure to reasonably accommodate, a plaintiff must demonstrate that

ORDER - 8

(1) he suffers from a handicap as defined by the [FHA]; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citation omitted).

As an initial matter, Baker's claims must be limited to events that have occurred since he was transferred from his prior apartment unit to his current one. Federal Rule of Civil Procedure 41(a)(1)(B) provides, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." To trigger the two-dismissal rule, there are four requirements: "(1) the plaintiff voluntarily dismissed an action in either state or federal court, (2) thereafter the plaintiff voluntarily dismissed a second action pending in *federal* court, (3) the two dismissals concerned the same claim, and (4) the plaintiff seeks to raise the twice-dismissed claim again in federal court." *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 685 (9th Cir. 2024). "[A] subsequent claim is the same as a previously dismissed claim if it arises from the same set of facts as the first action and the claim could have been or was raised in the preceding action." *Id.* at 686.

Baker has voluntarily dismissed two cases in which he has or could have raised a reasonable accommodation claim concerning events that occurred while he lived in his prior apartment. In *Baker v. Avenue5 Residential*, 2:23-cv-01207-RSL, at Dkt. # 5 (W.D. Wash. Aug. 9, 2023), Baker brought reasonable accommodation claims while living in his prior apartment unit but later voluntarily dismissed his case because Avenue5 transferred him to his current apartment unit, *id.* at Dkt. # 26. And in *Baker v. Avenue5 Residential*, 2:24-cv-00165-RAJ, at Dkt. # 10 (W.D. Wash. Feb. 9, 2024), he voluntarily dismissed another case against Avenue5 for

failure to address his maintenance requests.  Thus, this second voluntarily dismissal operates as an adjudication on the merits.

But because Baker alleges that Avenue5 denied his accommodation requests in 2024 and 2025 (after he moved into his current apartment unit), he appears to adequately allege that Avenue5 refused to make necessary accommodations for his disabilities.  For example, he alleges that Avenue5 denied or otherwise delayed "exterior pest vent grills significantly, by allowing Birds to get into Justin's home and wake him up every day for almost an entire year straight."  Dkt. # 25 at ¶ 39.  He also alleges that Avenue5 refused his requests for "reasonable accommodations such as silencing of the storage room in 2025, and transferring to a quieter home." *Id.* ¶ 47.  And he appears to adequately allege that Avenue5 knew or should have known of his disabilities because he sent them "medical accommodation letters . . . for his medical conditions." *Id.* ¶ 12.

Thus, the Court allows Baker's reasonable accommodation claim to proceed.  This ruling is without prejudice to any motion to dismiss a Defendant may wish to file.

15.     Discrimination (Design and Construction)

Discrimination under the FHA includes "a failure to design and construct [covered multifamily dwellings] in such a manner that," for example, "the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons."  42 U.S.C. § 3604(f)(3)(C).  But Baker does not specify how Avenue5 failed to design and construct Walton Lofts in a manner that complies with the FHA.  To the extent that Baker's lengthy amended complaint contains facts that could allow the Court to draw inferences suggesting the existence of such a failure, the Court declines to "piece together the basis of [his] claim." *Slaughter*, 2023 WL 6461058, at *2.  Thus, the Court dismisses this claim without prejudice.

16.     Harassment (Hostile Environment Harassment)

To establish a hostile housing environment claim, a plaintiff must show that he was subjected to "(1) unwelcomed (2) harassment that was (3) sufficiently severe or pervasive so as to interfere with or deprive the plaintiff of [the] right to use or enjoy the home." *Washington v. Farmington Ests. Owners Ass'n*, 2024 WL 2882216, at *4 (D. Or. May 17, 2024) (quotation marks and citation omitted).  As discussed above in Section III.A.14, the two-dismissal rule precludes claims based on when Baker resided at his prior apartment unit.  But Baker nonetheless alleges, for example, "In 2024 and 2025, numerous employees entered Justin's home without his permission and followed him around the building and took photos of Justin through his windows." Dkt. # 25 at ¶ 37.  He also alleges that at some point, "defendant maintenance staff members of Avenue5 threaten[ed] Justin physically and [told him] they would fuck him up." *Id.* ¶ 89.  Taking Baker's allegations as true and drawing all inferences in his favor, the Court concludes that these actions are "patently offensive, abusive, [and] threatening." *Farmington Ests. Owners Ass'n*, 2024 WL 2882216, at *5.  Thus, the Court allows Baker's hostile housing environment claim to proceed.  This ruling is without prejudice to any motion to dismiss a Defendant may wish to file.

B.      Plaintiff's Pending Motions

Baker has filed eleven motions since April 17, 2025.  "A request for a court order must be made by motion."  Fed. R. Civ. P. 7(b)(1).

The Court denies the "motions" that do not ask for a court order.  Dkt. ## 71; 72; 86; 90.

The Court denies the motion to require mandatory settlement, Dkt. # 42, motion to inform Defendants of the service deadline, Dkt. # 55, and motion asking the court to inform Baker if he has provided enough evidence, Dkt. # 80, for lack of legal basis.

ORDER - 11

The Court denies the motion for injunctive relief, Dkt. # 60, because it does not specify the relief sought; the motion merely says that it is "requesting protection" against certain people.

The Court denies the motions for appointment of counsel, Dkt. ## 63; 64; 83, for the same reasons discussed in its order denying Baker's prior motion for appointment of counsel, Dkt. # 9.

Baker cites Washington state procedural law to support some of his motions, Dkt. ## 64; 83, but such law does not apply here.[2] *Castillo v. Frito-Lay, Inc.*, 2006 WL 1518868, at *1 (W.D. Wash. May 26, 2006) ("[A] federal court hearing a case on a federal question is not bound by a state procedural rule.").

## IV
### CONCLUSION

For these reasons, the Court DISMISSES the following claims with prejudice:

- Color of Law Violations (18 U.S.C. § 242)
- Extortion and Blackmail (18 U.S.C. § 873)
- Personal Injury (18 U.S.C. § 2255)
- Loss of Enjoyment of Life (20 U.S.C. § 7943)

The Court DISMISSES the following claims without prejudice:

- Defamation
- ADA Retaliation (42 U.S.C. § 12203(a))
- FHA Retaliation (42 U.S.C. § 3617)
- FHA Reasonable Modification (42 U.S.C. § 3604(f)(3)(A))
- Fraud
- Making Housing Unavailable (42 U.S.C. § 3604)
- Negligence
- Intentional Infliction of Emotional Distress
- FHA Discriminatory Notice, Statement or Advertisement (42 U.S.C. § 3604(c))
- FHA Design and Construction (42 U.S.C. § 3604(f)(3)(C))

---

[2] Other courts within this district have similarly denied Baker's motions for appointment of counsel. *Baker v. Avenue5 Residential*, 2:23-cv-01207-RSL, at Dkt. # 16 (W.D. Wash. Oct. 19, 2023); *Baker v. Avenue5 Residential*, 2:24-cv-00300-JCC, at Dkt. # 13 (W.D. Wash. Mar. 27, 2024).

ORDER - 12

The FHA Reasonable Accommodation (42 U.S.C. § 3604(f)(3)(B)) and hostile housing environment claims may proceed. The Court grants Baker leave to file a second amended complaint by May 9, 2025, if he wishes; such leave is limited to the claims dismissed without prejudice here. The Court reiterates that the two-dismissal rule discussed above in Section III.A.14 applies to claims that Baker has or could have raised in his prior federal lawsuits.

And the Court DENIES the motions at Dkt. ## 42; 55; 60; 63; 64; 71; 72; 80; 83; 86; and 90.

Dated this 25th day of April, 2025.

John H. Chun
United States District Judge