1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>                  Plaintiff,<br><br>         v.<br><br>AVENUE5 RESIDENTIAL et al.,<br><br>                  Defendants. | CASE NO. 2:24-cv-01862-JHC<br><br>SECOND ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 94) |

This matter comes before the Court on Judge John Chun's denial (Dkt. No. 96) of Plaintiff's *second* motion for his recusal.  (Dkt. No. 94.)  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."  Accordingly, this Court now reviews Judge Chun's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

1 bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive

2 from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL

3 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

4 Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a

5 reasonable person with knowledge of all the facts would conclude that the judge's impartiality

6 might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

7 This is an objective inquiry concerned with whether there is the appearance of bias, not whether

8 there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

9       Plaintiff seeks Judge Chun's recusal because he alleges Judge Chun has "repetitively

10 shown [his] bias towards [Plaintiff]," discriminated against him based upon his disabilities,

11 "m[ade] assumptions about whether or not [his] claims have merit," and "attempted to

12 block the jury from making decisions by making [his] own rulings on [Plaintiff's] statute (sic)

13 allegations against the opposing parties."  (Dkt. No. 94 at 1.)

14       Plaintiff raises several grievances, most of which are rooted in his disagreements with

15 Judge Chun's rulings.  However, as this Court has explained to Plaintiff, adverse rulings cannot

16 serve as the basis for a recusal motion.  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.

17 1986) ("alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling

18 is not sufficient cause for recusal"); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)

19 ("Adverse rulings do not constitute the requisite bias.").

20       Plaintiff does claim that Judge Chun is "siding with the opposing parties and saying [he]

21 sympathize[s] with them."  (Dkt. No. 94 at 1.)  Plaintiff does not explain this assertion, but Judge

22 Chun believes this is a reference to a footnote in his order denying a motion for a temporary

23 restraining order ("TRO") filed by Defendant Avenue5, who asked the Court to enjoin Plaintiff

24

from harassing and threatening its employees and its counsel. (Dkt. No. 45.) Judge Chun denied Avenue5's request for a TRO, and in so doing, stated, that "[a]ssuming the veracity of Avenue5's allegations in its motion for a TRO, the Court has sympathy for its employees, counsel, and employees of counsel's firm." (Dkt. No. 91 at 2 n.1.) Judge Chun's contingent expression of sympathy would not cause a reasonable person to question his impartiality. *See e.g., Bilello v. Abbott Labs*., 825 F. Supp. 475, 481 (E.D.N.Y. 1993) ("The fact that a judge empathizes with other human beings does not render him or her partial.").

Accordingly, the Court AFFIRMS Judge Chun's denial (Dkt. No. 96) of Plaintiff's motion for recusal (Dkt. No. 94).

Dated this 13th day of May, 2025.

David G. Estudillo
United States District Judge