UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>Plaintiff,<br><br>v.<br><br>AVENUE5 RESIDENTIAL ET AL.,<br><br>Defendants. | CASE NO. 2:24-cv-01862-JHC<br><br>ORDER DENYING MOTIONS (DKT. ## 93, 97, 101, 102, 103, 105, 106, 111) AND IMPOSING LITIGATION RESTRICTIONS |

This matter comes before the Court on Plaintiff Justin Baker's motions at Dkt. ## 93, 97, 101, 102, 103, 105, 106, 111, and sua sponte. The Court DENIES all these motions for the reasons discussed below and sets forth restrictions on Baker's litigation conduct.

1. **Plaintiff's "Emergency Motion for Protective Order" (Dkt. # 93)**

Baker has filed several motions for injunctive relief, all of which this Court has denied for failure to comply with the Local Civil Rules and Federal Rules of Civil Procedure or for lack of merit. Dkt. ## 23; 29. Baker's "Emergency Motion for Protective Order," Dkt. # 93 similarly fails to comply with the applicable procedural rules as discussed in the Court's previous Order at Dkt. # 23 at 2. Baker also does not meaningfully set forth the basis of his claims, but instead asks the Court to do so on his behalf:

ORDER DENYING MOTIONS (DKT. ## 93, 97, 101, 102, 103, 105, 106, 111) AND IMPOSING LITIGATION RESTRICTIONS - 1

> . . . the other parties have already provided some supporting case examples and some authorities on their restraining order request against me, so I'm assuming you could use those same case examples and authorities on this request. If not, I'm sure the court could make an exception for me due to my disabilities and not understanding the court process. . . .

Dkt. # 93 at 4. And despite summarizing at length the events related to his case, Baker does not specify exactly what injunctive relief he seeks.

Thus, the Court denies Baker's motion at Dkt. # 93. The Court also notes that Baker says, without citing a specific page number, that the Court "requested" further details in its Order at Dkt. # 92. The Court did not request further details in denying Baker's previous motion for injunction relief at Dkt. # 60; the Court merely denied the motion "because it does not specify the relief sought." Dkt. # 92 at 12. Additional misrepresentations in filings before the Court may result in sanctions.

### 2. Plaintiff's "Motion [to] Restrain Opposing Parties from Coercive Bad Faith Threats and Abusive Litigation" (Dkt. # 97)

Baker's "motion" at Dkt. # 97 does not appear to be a proper motion. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). This "motion" explains allegedly "bad faith threats from the other parties" regarding settlement offers but does not state with specificity what order Baker requests from the Court. Dkt. # 97 at 1. It merely appears to provide information—that the Court has not requested nor pursuant to any applicable procedural rule—about settlement negotiations and his then-pending motion for a protective order. *See* Dkt. # 97 at 4 ("Your honor, I'm bringing this to your attention because I still need the protective order against these parties and you have not ruled on it yet.").

Thus, the Court denies the motion at Dkt. # 97 as improper.

3. **Plaintiff's "Emergency Motion for Reconsideration of Every Single Document Because US Judges are Exacerbating my Mental Conditions and It's Not Fair, it's like El Salvador Prison at Best" (Dkt. # 101)**

Baker's motion at Dkt. # 101 is a lengthy, 10-page, single-spaced filing consisting of grievances about the judiciary and the United States. In the motion, Baker requests appointment of counsel. Dkt. # 101 at 9. He has filed several prior motions for appointment of counsel, and the Court denies this one for the same reasons discussed in its prior order at Dkt. # 9. He also renews his request for "protection against the other parties" without specifying exactly what injunctive relief he seeks. Dkt. # 101 at 10. The Court denies this request for the same reasons discussed above in denying Baker's motion at Dkt. # 93.

Thus, the Court denies the motion at Dkt. # 101.

4. **Plaintiff's "Motion for Extension of Time Settlement Almost Reached" (Dkt. # 102)**

Baker's motion at Dkt. # 102 appears to ask the Court for an extension of time "until the end of the weekend" to allow him to move for service by a United States marshal. Dkt. # 102 at 2. He filed such a motion within his requested time period, Dkt. # 107, and the Court granted his request for service by a United States marshal, Dkt. # 108.

Thus, the Court denies the motion at Dkt. # 102 as moot.

5. **Plaintiff's "Emergency Motion for Extension of Time" (Dkt. # 103)**

Baker's motion at Dkt. # 103 appears asks for an extension of time until the parties execute a settlement agreement and "to locate an attorney prior to trial." Dkt. # 103 at 2. But it is unclear what deadline(s) Baker seeks to extend.

Thus, the Court denies the motion at Dkt. # 103.

6. **Plaintiff's "Motion for Extension of Time to File Answer" (Dkt. # 105)**

Baker's motion at Dkt. # 105 asks the Court for a 60-day extension to respond to the counterclaim asserted by Defendants on May 16, 2025. Dkt. # 104. Baker says that the extension is necessary to allow for settlement discussions and to allow him to reach out to law firms about representation. Under Fed. R. Civ. P. 6(b)(1), the Court may grant an extension of time "for good cause." Based on the background of this case, which has been pending since November of last year—and Baker's previous litigation against Avenue5 Residential, the Court does not believe that the motion presents good cause for such an extension.

Thus, the Court denies the motion at Dkt. # 105.

7. **Plaintiff's "Motion for Extension of Time to File Answer" (Dkt. # 106)**

Baker's "motion" at Dkt. # 106 is a copy of an email sent to Baker. It does not appear to ask the Court for an order. Fed. R. Civ. P. 7(b)(1).

Thus, the Court denies the motion at Dkt. # 106 as improper.

8. **Plaintiff's "Emergency Motion [for a] Mandatory Settlement Conference, Protection, and Order to Stop Medical Harm and Refusal of Accommodation" (Dkt. # 111)**

Baker's motion at Dkt. # 111 asks the Court to "protect [him] and simultaneously order mandatory settlement conversations between me and the opposing parties prior to trial." Dkt. # 111 at 6. Specifically, Baker asks the Court to issue injunctive relief "against the parties to prevent more medical harm," and for oral argument. *Id.* District courts have "broad authority to compel participation in mandatory settlement conference," and can do so in its discretion. *See United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1057–58 (9th Cir. 2012). But the Court concludes that ordering a mandatory settlement conference is not warranted based on the record. And as with Baker's other motions for injunctive relief discussed above as to the motions at Dkt. ## 93, 101, this motion does not comply with procedural requirements nor

specify the relief sought.  The Court denies this request for the same reasons discussed above in denying Baker's motion at Dkt. # 93.

Thus, the Court concludes that oral argument is unnecessary and denies the motion at Dkt. # 111.

### 9. Sanctions

The Court provides Baker with notice that he has failed to comply with the Court's prior order that he must "file any documents in this case in accordance with the Local Civil Rules and the Federal Rules of Civil Procedure."  Dkt. # 91 at 5.  "[D]istrict courts have the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Jennings v. USAA Cas. Ins. Co.*, 2025 WL 1167850, at *1 (W.D. Wash. Apr. 22, 2025) (citation omitted).  To achieve orderly disposition of this case, the Court ORDERS the following:

- A Defendant need not file a response to a motion by Baker unless the Court orders a response.

- In his subsequent filings, Baker shall cite the court rule (i.e., Local Civil Rule and/or Federal Rule of Civil Procedure) that he is filing under and properly note any motions under LCR 7.  He shall also provide a word count for each of his filings, and the Court will not consider text beyond the word or page limits set forth in the Local Civil Rules.

Baker's failure to comply with this Court's orders may result in the striking of his filings and, ultimately, dismissal of his case without prejudice.  *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("[T]he inherent powers permit a district court to go as far as to dismiss entire actions to rein in abusive conduct.").

//

//

//

//

ORDER DENYING MOTIONS (DKT. ## 93, 97, 101, 102, 103, 105, 106, 111) AND IMPOSING LITIGATION RESTRICTIONS - 5

Dated this 20th day of May, 2025.

*John H. Chun*

John H. Chun
United States District Judge